IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA JOHNSON, et al.          :          CIVIL ACTION
                                  :
              v.                  :
                                  :
ESSENTIA INSURANCE COMPANY        :          NO. 25-7367

MEMORANDUM

Bartle, J.                                           April 30, 2026

        Plaintiffs Patricia Johnson and Gary Hamilton bring this action against defendant Essentia Insurance Company to recover for damages to Hamilton's Porsche.  A Writ of Summons was originally filed in the Court of Common Pleas of Philadelphia County on August 28, 2025.  The action was timely removed to this court pursuant to 28 U.S.C. § 1332.

        The complaint is sparse on details.  Plaintiffs allege that Hamilton parked "his vehicle" in a "safe location in the City of Philadelphia" from "about 10:30 p.m. to 3:00 a.m." on or about September 2, 2023 and that when he returned it was "surrounded by tow trucks."  The vehicle was towed to "their lot" and was "totaled."  The complaint says nothing about Johnson.  In addition to averring breach of contract, the complaint contains a count for common law breach of good faith and fair dealing.  Essentia has answered the complaint and counterclaim for a declaratory judgment that there is no coverage.

Essentia has now moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

II

The standard for evaluating a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is the same as the familiar standard used for evaluating a motion to dismiss under Rule 12(b)(6).  Revell v. Port Auth. of N.Y., N.J., 598 F.3d 128, 134 (3d Cir. 2010). Thus, the court must determine whether the well-pleaded factual allegations, taken as true, "plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The crucial difference between a Rule 12(c) and Rule 12(b)(6) motion is that a Rule 12(c) motion may be filed after the pleadings are closed.  See Fed. R. Civ. P. 12(c).  Thus, the court may consider facts presented in both the complaint and the answer and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.  Bedoya v. Am. Eagle Express Inc., 914 F.3d 812, 816 n.2 (3d Cir. 2019).  The movant must clearly establish that no material issue of fact remains and therefore, that it is entitled to judgment as a matter of law.  Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988) (quoting Soc'y Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980)).  The court may

consider documents integral to or explicitly relied upon in the pleadings.  Mele v. Fed. Rsrv. Bank of N.Y., 359 F.3d 251, 256 n.5 (3d Cir. 2004).  The court may also take judicial notice of matters of public record.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

III

Essentia raises several grounds in support of its pending motion.  First, it argues that Johnson, not Hamilton, owned the Porsche and that the policy, which named only Hamilton as the insured, excluded coverage for any vehicle Hamilton did not own.  Essentia relies on certain admissions of plaintiffs.  It also argues that the action is time barred based on the contractual limitations period set forth in the policy.  The court turns to this second argument which is dispositive.

The Essentia policy provides that any lawsuit must be filed within 12 months of the loss "but this time period will be extended by the number of days between the date you file your proof of loss with us and the date we deny all or part of your claim."  The loss occurred on or about September 2, 2023.  Essentia denied the claim a little over a month later on October 18, 2023.  The lawsuit was not filed until August 28, 2025, almost two years after the loss and denial of the claim.

Under Pennsylvania law, the contractual shortening of the statutory limitations period is valid as long as the shorter time is "by written agreement" and is "not manifestly unreasonable."  42 Pa. Cons. Stat. § 5501(a).  The contractual limitations period of more than a year contained in the insurance policy here is not manifestly unreasonable.[1]  See Bostick v. ITT Hartford Grp., Inc., 56 F. Supp. 2d 580, 585-86 (E.D. Pa. 1999); Lardas v. Underwriters Ins. Co., 231 A.2d 740, 741-42 (Pa. 1967).

The clock has run on the filing of this lawsuit. Plaintiffs have shown no basis for equitable tolling.  They knew of the loss when it occurred, and the claim was promptly denied a little more than one month later.

Accordingly, the motion of defendant Essentia Insurance Company for judgment on the pleadings will be granted.

---

[1]    Plaintiffs have claims for breach of contract and for breach of Essentia's common law duty of good faith and fair dealing with respect "to handling Plaintiffs' claim for benefits under the policy . . .."  Pennsylvania does not recognize the latter as a separate claim as it is subsumed by a breach of contract claim.  Burton v. Teleflex Inc., 707 F.3d 417, 432 (3d Cir. 2013); Johnson v. Progressive Ins. Co., 987 A.2d 781, 783 (Pa. Super. Ct. 2009).